United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

Richard Mathis,

    Defendant.

_____/

Case No. 2025-CR-20075

Hon. Stephen J. Murphy, III

## Plea Agreement

The United States of America and the defendant, Richard Mathis, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

### 1. Count of Conviction

The defendant will plead guilty to Count 1 of the Information. Count 1 charges the defendant with Conspiracy to Make a False Statement During the Acquisition of a Firearm under 18 U.S.C. § 371.

### 2. Statutory Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | 5 years |
| --- | --- | --- |
| | Fine: | $250,000 |
| | Term of supervised release: | 3 years |

3. **Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional firearms charges against the defendant for conduct reflected in the factual basis of this agreement.

4. **Elements of Count of Conviction**

The elements of Count 1 are:

1. Two or more persons conspired, or agreed, to commit the crime of Making a False Statement During the Acquisition of a Firearm under 18 U.S.C. § 922(a)(6).

2. The defendant knowingly and voluntarily joined the conspiracy.

3. A member of the conspiracy did one of the overt acts described in the Information for the purpose of advancing or helping the conspiracy.

5. **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

From December 5, 2023 and continuing through February 14, 2024, in the Eastern District of Michigan, the defendant unlawfully, willfully, and knowingly conspired and agreed with Co-conspirator #1 and Co-Conspirator #2, real persons whose identities are known to the defendant and to the United States Attorney, to commit an offense against the United States, namely Making a False Statement During the Purchase of a Firearm, that is, making a false and fictitious written statement that was intended to deceive and was likely to deceive a federally licensed firearms dealer as to a fact material to the lawfulness of the sale of firearms to the defendant, in violation of 18 U.S.C. § 922(a)(6).

On December 5, 2023, Defendant sent an Instagram message to another individual soliciting persons that MATHIS could pay to purchase firearms from a gun store on Defendant's behalf. In response, that individual provided Co-conspirator #2's phone number.

MATHIS communicated with Co-conspirator #2, agreed that Co-conspirator #2 would purchase a gun for MATHIS, and instructed Co-conspirator #2 which gun to buy.

On December 6, 2023, Co-conspirator #2 purchased a Glock, 19 Gen 5, 9mm pistol, bearing serial number BWSL129, from Opplemans on behalf of Defendant and Co-conspirator #1. In connection with the purchase, Co-conspirator #2 falsely indicated on the ATF Form 4473 that he was the true purchaser/transferee of the firearm, when in fact, Defendant and Co-conspirator #1 were the true purchasers/transferees.

On December 6, 2023, Defendant told Co-conspirator #2 that he would pay Co-conspirator #2 $50 for purchasing the Glock 19.

On December 6, 2023, Defendant retrieved the Glock 19 from Co-conspirator #2.

On December 18, 2023, Co-conspirator #1 directed Co-conspirator #2 to purchase firearms from Opplemans on Co-conspirator #1's behalf. That same day, Co-conspirator #2 purchased a Glock, 17 Gen 5, 9mm caliber pistol, bearing serial number BNHS771, from Opplemans. In connection with the purchase, Co-conspirator #2 falsely indicated on the ATF Form 4473 that he was the true purchaser/transferee of the firearm, when in fact, Defendant and Co-conspirator #1 were the true purchasers/transferees.

On December 26, 2023, Co-conspirator #2 purchased a Romarm Pistol, Mini Draco, 7.62x39mm caliber, semi-automatic pistol, bearing serial number PD-8640-2016 RO, from Opplemans. In connection with the purchase, Co-conspirator #2

falsely indicated on the ATF Form 4473 that he was the true purchaser/transferee of the firearm, when in fact, Defendant and Co-conspirator #1 were the true purchasers/transferees.

On December 26, 2023, Co-conspirator #1 retrieved the Romarm Pistol from Co-conspirator #2.

On February 14, 2024, Co-conspirator #2 warned Defendant that law enforcement was looking for Defendant. That same day, Defendant agreed to pay Co-conspirator #2 money via CashApp.

## 6. Advice of Rights

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

7. **Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant

nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1— the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of

responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.  Other Guideline Recommendations

The parties have no other joint recommendations as to the defendant's guideline calculation.

### D.  Factual Stipulations for Sentencing Purposes

The parties have no additional factual agreements for sentencing purposes.

### E.  Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.  Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the midpoint of the defendant's guideline range as determined by the Court.

#### 2. No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a three-year term of supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

The parties have no agreement as to a fine.

### E. Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court.

## 11. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12. Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty plea or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction

or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 13. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 14. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by [Time] on [Date]. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Julie A. Beck
Acting United States Attorney

_____
Craig F. Wininger
Chief, Violent and Organized Crime
Assistant United States Attorney

_____
Ranya Elzein
Assistant United States Attorney

Dated: [Date]

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Christopher Seikaly
Attorney for Defendant

_____
Richard Mathis
Defendant

Dated: 2/18/2025